Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XI

| MARÍA DE LOS ÁNGELES VILLARRUBIA RUÍZ<br>          Recurrida<br><br><br><br>v.<br><br><br><br>EMERALD HOLDINGS, LLC y OTROS<br>          Peticionarios<br><br><br>MARÍA DE LOS ÁNGELES VILLARRUBIA RUÍZ<br>          Recurrida<br><br><br>v.<br><br><br><br>AGUADA EMERALD FIELDS CANNABIS WELLNESS CENTER, LLC; y OTROS<br>          Peticionarios | KLCE202400192<br><br>Consolidado con<br><br><br><br><br><br><br>KLCE202400524 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br><br>Caso Núm. AU2020CV00428<br><br><br><br>Sobre:<br>Ley General de Corporaciones de Puerto Rico, Incumplimiento de Contrato, Dolo, Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece Emerald Holdings, LLC (Emerald Holdings) y Aguada Emerald Fields Cannabis Wellness Center, LCC. (Aguada Emerald), mediante la presentación de sendos recursos de *certiorari*,

NÚMERO IDENTIFICADOR

RES2024_____

KLCE202400192 y KLCE202400524, los cuales hemos decidido consolidar, por cuanto versan sobre el mismo tema.[1]

En el primero de dichos recursos, Emerald Holdings solicita la revocación de una *Resolución y Orden sobre aseguramiento de sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI), el 19 de diciembre de 2023.[2] Mediante dicho dictamen, el foro primario declaró *Ha Lugar* la solicitud sobre aseguramiento de sentencia presentada por la demandante María de los Ángeles Villarrubia Ruiz (señora Villarrubia Ruiz o recurrida), contra Aguada Emerald y Emerald Holdings. Además, determinó que, en consideración a las partes contra quiénes fue dirigida la *Orden* sobre remedios provisionales, no tenía razón Emerald Holdings al sostener la ausencia de parte indispensable en dicho proceso.

Por su parte, en el segundo recurso de *certiorari,* Aguada Emerald impugna el mismo dictamen.[3]

Contrario a lo decidido por el foro recurrido, Aguada Emerald y Emereald Holdings sostienen que la concesión de los remedios provisionales fue nula, por cuanto faltaron partes indispensables en la vista para considerar dicha petición.

Por los fundamentos que expondremos a continuación, hemos decidido *denegar* la expedición de ambos recursos de *certiorari.*

## I. Resumen del tracto procesal

El 13 de diciembre de 2020, la señora Villarrubia Ruiz, presentó *Demanda* sobre incumplimiento de contrato, dolo, daños y perjuicios contra Aguada Emerald Fields Cannabis Wellness Center, LLC. (Aguada

---

[1] La Regla 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, nos habilita para ordenar la consolidación de recursos, *motu proprio.*
[2] Notificada el 20 de diciembre de 2023.
[3] Mediante *Resolución* emitida el 9 de abril de 2024, notificada el 10 de abril de 2024, el TPI declaró *No ha lugar*, por segunda ocasión, una reconsideración presentada por Aguada Emerald impugnando el aseguramiento de sentencia. Es a partir de referida determinación que Aguada Emerald recurre ante nosotros para que revoquemos la resolución emitida el 19 de diciembre de 2023, notificada el 20 de diciembre de 2023.

Emeral), Natalia Albertorio Rivera, Emerald Holdings, Health Herb, LLC., Wilfredo Ortiz, EFA, LLC., Persona Natural ABC y Persona Jurídica DEF. Posteriormente, la causa de acción fue desestimada respecto a Natalia Albertorio Rivera, Emerald, Health Herb, LLC, y EFA, LLC.

Luego de que fuera enmendada la referida demanda, el peticionario presentó *Contestación a la Segunda Demanda Enmendada.* En esta fueron admitidas y negadas ciertas alegaciones de la demanda, a la vez que se levantaron varias defensas afirmativas, entre las cuales fue incluida la de ausencia de una parte indispensable.

Luego de que fueran superados varios trámites procesales, el 6 de junio de 2022, la recurrida presentó *Solicitud Urgente de Remedio en Aseguramiento de Sentencia.* En esencia, solicitó que el TPI emitiera una orden para que se le ordenara a **Emerald Holdings y/o a la Señora Natalia Albertorio**, a: consignar en el Tribunal $166,000.00 que hubiesen recibido o estuvieran por recibir producto de la venta de los activos y bienes de Health Herb Medical, LLC, entidad para la cual Emerald Holdings y la señora Albertorio alegadamente utilizaron los $250,000.00 que la señora Villarrubia Ruiz les entregó para adquirir participación en una entidad que era titular y/o establecería un dispensario de cannabis medicinal en San Sebastián; consignar cualquier otra cantidad de dinero perteneciente a Health Herb Medical, LLC; que se les prohibiera enajenar y/o se abstuviera de realizar cualquier desembolso adicional de los dineros pertenecientes a Health Herb Medical LLC y/o cualquier gestión que conllevara el menoscabo de la participación y/o la inversión de la recurrida. También fue solicitado en la misma moción una orden para que los aquí peticionarios se abstuviesen de enajenar y/o gestionar acciones, cuyo efecto práctico fuera menoscabar el valor de la participación de la recurrida en Aguada

Emerald. A tenor, solicitó la celebración de una vista para disponer del asunto.

A raíz de ello, el 7 de junio de 2022, Emerald Holdings presentó *Oposición a "Solicitud urgente de Remedio en Aseguramiento de Sentencia".* Adujo que la compañía Health Herb Medical, LLC, no había sido traída al litigio, a pesar de ser una parte indispensable. Abundó sobre el mismo tema, que resolver una petición de aseguramiento de sentencia sobre participaciones de miembros que no están en el litigio, sería privarles de su propiedad sin la debida notificación u oportunidad de ser oídas.

Tras varios incidentes procesales, el 17 de abril de 2023, el TPI emitió *Resolución* señalando una vista para dilucidar la solicitud de aseguramiento de sentencia.

En desacuerdo con que fuera celebrada la vista aludida, Emerald Holdings presentó un recurso de *certiorari* ante este Tribunal de Apelaciones. Sin embargo, el 29 de junio de 2023 emitimos *Sentencia,* identificada bajo el alfanumérico KLCE202300558, denegando la expedición del recurso.

Así las cosas, el TPI dio lugar a la celebración de la vista sobre remedios provisionales, según pautada. A esta acudieron la parte demandante señora Villarrubia Ruiz, su representación legal y los demandados Emerald Holdings, Aguada Emerald, por conducto de sus representantes legales y el co-demandado señor Wilfredo Ortiz y su representante legal. En la vista, las partes presentaron prueba testifical y documental.

Posteriormente, el 19 de diciembre de 2023,[4] el foro primario emitió *Resolución y orden sobre aseguramiento de sentencia,* en donde enumeró las siguientes determinaciones de hechos:

---

[4] Notificada el 20 de diciembre de 2023.

1. El 3 de diciembre de 2017, la Sra. Villarrubia adquirió de la Sra. Albertorio una participación equivalente a un 16.5% en Aguada Emerald por la cantidad de $125,000.00.
2. Aguada Emerald comenzó operaciones como dispensario de cannabis medicinal el 25 de abril de 2018.
3. La Sra. Albertorio es titular de una participación equivalente al 34% en Aguada Emerald.
4. La Sra. Albertorio ocupa la posición de administradora en Aguada Emerald desde el año 2016.
5. La Sra. Villarrubia es la titular de la participación de 16.5% en Aguada Emerald.
6. Para el 30 de abril de 2021, Aguada Emerald operaba un dispensario de cannabis medicinal en el Municipio de Aguada en un local localizado en la Calle Colón 129, propiedad del Fideicomiso González Román.
7. El valor justo en el mercado de Aguada Emerald era de $5,004,000.00 para la fecha del 30 de abril de 2021.
8. Para esa misma fecha, Aguada Emerald tenía activos por la cantidad de $811,027.00 de los cuales $696.269.00 era dinero en efectivo y $362,487.00 era el valor del inventario.
9. La pérdida de la participación de un 16.55% de la Sra. Villarrubia en Aguada Emerald es equivale a $828,162.00.
10. El 25 de agosto de 2021, Aguada Emerald le notificó a la Junta Reglamentadora de Cannabis Medicinal (en adelante, la "JRCM") que no tenían un local para continuar sus operaciones.
11. El 17 de mayo de 2022, la JRCM denegó la renovación de la licencia de dispensario de cannabis medicinal de Aguada Emerald por falta de un local desde el cual operar.
12. Aguada Emerald cerró sus operaciones y vendió su inventario a la entidad EFA, LLC por $300,000.00.
13. Aguada Emerald liquidó y no le ha pagado a la Sra. Villarrubia dividendos ni su aportación.
14. EFA, LLC, también opera un dispensario de cannabis medicinal en el Municipio de Aguada, en un local en la Calle Colón 107.
15. La Sra. Albertorio también es miembro y administradora de EFA, LLC.
16. La Sra. Villarrubia no tiene participación alguna en EFA, LCC.
17. El local en la Calle Colón 107 en Aguada donde opera el dispensario de EFA, LLC, fue adquirido desde marzo de 2021 por una entidad llamada 602, LCC.
18. La determinación de cerrar las operaciones de Aguada Emerald no fue consultada con la Sra. Villarrubia.
19. El 19 de agosto de 2019, la Sra. Villarrubia Ruiz adquirió de Emerald Holdings, una participación equivalente a un 33% en Health Herb, por la cantidad de $250,000.00.
20. La Sra. Albertorio Rivera es el único miembro de Emerald Holdings y su administradora.
21. La entidad Health Herb no existía a la fecha del 19 de agosto de 2019.
22. Los documentos que se le entregaron a la Sra. Villarrubia, cuando esta hizo entrega de los $250,000.00, establecen

que esta es titular de una participación en Health Herb LLC, no en Health Herb Medical, LCC.

23. A la Sra. Villarrubia no se le ha entregado documento alguno que disponga que esta es titular de una participación en la entidad Health Herb Medical, LCC.

24. Emerald Holdings determinó vender los bienes de Health Herb Medical, LCC y valoró los mismo en $166,000.00.

25. Health Herb Medical, LCC, nunca obtuvo la licencia para operar un dispensario de cannabis medicinal y, por lo tanto, nunca operó.

A raíz de dichas determinaciones de hechos, el TPI declaró *Ha lugar* la solicitud de aseguramiento de sentencia. A tenor, le ordenó a Aguada Emerald lo siguiente: a consignar en el Tribunal $696,269.00 en efectivo, habidos a la fecha del 30 de abril de 2023; consignar los fondos correspondientes a la venta del inventario de cannabis medicinal que le pertenecía y que fue vendido a EFA, LCC.; entregar los documentos solicitados por el CPA Carlos Iglesias; y, se le prohibió a Emerald Holdings disponer, enajenar, gravar o ceder los bienes de Health Herb Medical, LCC., sin la previa autorización del Tribunal. En este mismo dictamen el foro recurrido concluyó que no faltaba ninguna parte indispensable que impidiera conceder los remedios provisionales solicitados.

Inconformes, tanto Emerald Holdings, como Aguada Emerald, presentaron mociones de reconsideración ante el foro recurrido, las cuales fueron denegadas el 16 de enero de 2024. Es así como Emerald Holdings decidió acudir ante nosotros, mediante el recurso de *certiorari* **KLCE202400192**, arguyendo sobre la comisión de los siguientes errores:

**PRIMER ERROR:** Erró el TPI en sus determinaciones de hechos número 21, 22, 23 y 25 en su Resolución y Orden sobre Aseguramiento de Sentencia porque se realizaron como resultado de las alegaciones de la parte demandante, sin estar presente la parte indispensable presente para oponerse o defenderse de las mismas.

**SEGUNDO ERROR:** Erró el TPI al declarar que no existían partes indispensables y le concedió a la parte demandante-recurrida la solicitud de que se le devolvieran y se consignaran en el Tribunal los fondos correspondientes a la venta medicinal de Aguada Emerald a EFA, LLC, cuando EFA, LLC no estaba en la vista ni en el litigio y no se pudo

defender de las argumentaciones realizadas por la parte demandante-recurrida, así como que se le prohibiera a Emerald Holdings, LLC enajenar y/o realizar cualquier desembolso de los dineros pertenecientes a Health Herb Medical, LLC que tampoco estaba presente en el litigio.

**TERCER ERROR:** Erró el TPI al determinar que no faltaban partes indispensables para conceder los remedios provisionales, sin considerar los intereses de las partes que indiscutiblemente están ausentes del litigio y cuando la propia Regla 526.2 de Procedimiento Civil, 32 L.P.R.A. Ap. V R.56.2 establece que no se concederá, modificará ni se tomará providencia alguna sobre remedio provisional, sin notificar a la parte adversa, en este caso Health Herb Medical, LLC, EFA,LLC y los miembros con participaciones de capital, en cada una de ellas, a los que se les impidió su derecho a defenderse y exponer su posición.

Oportunamente, la recurrida presentó su *Alegato en oposición,* respecto al recurso de *certiorari* con el alfanumérico KLCE202400192.

Posteriormente, el 9 de abril de 2024,[5] el TPI emitió otra *Resolución* declarando nuevamente *No ha Lugar* las reconsideraciones presentadas por Aguada Emerald y Emerald Holdings para que se dejara sin efecto el aseguramiento de sentencia.

En desacuerdo, el 11 de abril de 2024, la señora Villarrubia Ruiz presentó *Moción de Reconsideración.*

Al día siguiente,12 de abril de 2024, Emerald Holdings presentó una *Moción Urgente "Nunc Pro Tunc" al amparo de la Regla 49.1 de Procedimiento Civil 32 L.P.R.A. AP. V R. 49.1.* En lo pertinente, arguyó que la última moción de reconsideración ya había sido denegada, por lo cual solicitó que el TPI corrigiera tal error.

Con motivo de lo anterior, el 16 de abril de 2024, el foro primario emitió una *Resolución* indicando lo siguiente:

Examinadas las Mociones a las entradas 850 y 851 Moción de Reconsideración de María Villar[r]ubia y la de codemandada Emerald Holdings LLc, el Tribunal tomando conocimiento est[á] por adjudicar el KLCE202400192 y contiene aspectos discutidos en entrada 848 Resolcui[ó]n de este Tribunal a la luz de la Totalidad de Circunstancias y en deferencia al tribunal de mayor jerarquía y habiéndose adjudicado con anterioridad los asuntos considerados en

---

[5] Notificada el 10 de abril de 2024.

sumac 848 queda esta Resoluci[ó]n sin [efecto] en todos sus aspectos.

Más adelante, el 23 de abril de 2024,[6] el foro primario emitió otra *Resolución,* determinando lo que sigue:

El 16 de abril de 2024 se dictó Resolución en que se dejó sin efecto Resolución de 9 de abril de 2024.

Para el 9 de abril de 2024 se consideró la entrada 814, Moción Reconsideración Aguada Emerald solicitando dejar sin efecto Resolución Aseguramiento Sentencia. Se determinó No Ha Lugar.

Con la Resolución del 16 de abril de 2024 en que dejamos sin efecto la Resolución de 9 de abril de 2024 dejó sin efecto lo resuelto sobre al aspecto de falta indispensable pero inadvertidamente quedó sin efecto lo resuelto a Moción de Reconsideración de Aguada Emerald (Sumac 814) o sea el No Ha Lugar.

A todos los efectos legales la Resolución de 16 de abril de 2024 (Sumac 854) se mantiene la determinación de la Solicitud de Aseguramiento Sentencia, refiérase a la entrada 814.

Insatisfecha, Aguada Emerald presentó el recurso de *certiorari* identificado con el alfanumérico **KLCE202400624,** en el que señaló la comisión del siguiente error:

Erró el TPI al declarar que no existe falta de parte indispensable y en su consecuencia emitir una orden en aseguramiento de sentencia al amparo de la Regla 56 de Procedimiento Civil.

Habiendo examinado el asunto planteado en el KLCE202400624, determinamos que no nos resulta necesaria la comparecencia de la recurrida para dilucidarlo, pues trata de la misma controversia levantada en el recurso de *certiorari* identificado con el alfanumérico KLCE202400192. Nos encontramos en posición de resolver.

## II. Exposición de Derecho

### *A. Certiorari*

El recurso de *certiorari* es "un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de

---

[6] Notificada el 24 de abril de 2024.

un foro inferior." *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra, a la pág. 711; *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012).

Por su parte, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la autoridad de este Tribunal Apelativo al considerar la revisión de resoluciones u órdenes interlocutorias del Tribunal de Primera Instancia. Sin embargo, esta misma regla establece, en lo pertinente, que se podrá recurrir ante nosotros mediante el recurso de *certiorari* para revisar una resolución u orden dictada bajo la Regla 56 de Procedimiento Civil, (remedios provisionales), 32 LPRA Ap. V, R. 56.

Cabe añadir que nuestro Tribunal Supremo ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001).

### B. Parte Indispensable

La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R.16.1, establece que en un pleito deben acumularse las personas que tengan un interés común *"sin cuya presencia no pueda adjudicarse la controversia"*. La parte indispensable se puede definir como aquella, de la cual no se

puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia. *López García v. López García,* 200 DPR 50, 64-65 (2018); *Cirino González v. Adm. Corrección, et al.,* 190 DPR 14, 46 (2014); *Vilanova v. Vilanova,* 184 DPR 824, 839 (2012); *García Colón v. Sucn. González,* 178 DPR 527, 548-549 (2010).

Por lo cual, de verse el pleito en ausencia de parte indispensable, los intereses de esta podrían quedar destruidos o inevitablemente afectados por una sentencia dictada en ausencia de esa persona durante litigio. Sin embargo, *"no se trata de cualquier interés en el pleito, sino que tiene que ser real e inmediato y no puede tratarse de meras especulaciones o de un interés futuro". López García v. López García, supra,* en la pág. 64.

Acerca de lo discutido, en *Romero v. S.L.G. Reyes,* 164 DPR 721, 732-733 (2005), nuestro máximo foro local aclaró que:

> [L]a interpretación de [la] [R]egla [16.1] requiere de un enfoque pragmático, es decir, requiere de una evaluación individual a la luz de las circunstancias particulares que se presentan y no de una fórmula rígida para determinar su aplicación. Por lo tanto, los tribunales tienen que hacer un juicioso análisis que considere la determinación de los derechos de un ausente y las consecuencias de no ser unido como parte en el procedimiento. Es importante determinar si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente.

Este ejercicio de consideración pragmática de los intereses presentes demanda una evaluación individual a la luz de las particularidades existentes en cada caso, y no la utilización de una fórmula con pretensiones absolutas. *López García v. López García, supra; Romero v. S.L.G. Reyes, supra,* en la pág. 732. Sobre este particular, el tratadista Cuevas Segarra señala: *"[l]a determinación final de si una parte debe o no acumularse depende de los hechos específicos de cada caso individual. Exige una evaluación jurídica de factores tales como tiempo,*

*lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad"*. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo II, Publicaciones JTS, 2011, pág. 695. Es debido a ello que, al determinar si una parte es indispensable para adjudicar una controversia, se debe considerar *"si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente"*. *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 677 (2012).

La falta de parte indispensable constituye un planteamiento tan relevante y vital que puede presentarse en cualquier momento, es decir, puede presentarse por primera vez en apelación e incluso puede suscitarse *sua sponte* por un tribunal apelativo ya que, en ausencia de parte indispensable, el tribunal carece de jurisdicción. Además, la omisión de traer a una parte indispensable al pleito constituye una violación al debido proceso de ley de dicho ausente. *Romero v. S.L.G. Reyes, supra,* pág. 733.

Una vez se ha determinado que una persona es parte indispensable en un litigio y que está ausente en el pleito, la acción debe ser desestimada sin perjuicio, es decir, que no tendrá el efecto de una adjudicación en los méritos con efecto de cosa juzgada. *Colón Negrón et al. v. Mun. Bayamón*, 192 DPR 499, 511 (2015); *Romero v. S.L.G. Reyes, supra,* págs. 733-734. Aunque la ausencia de incluir una parte indispensable es motivo para desestimar sin perjuicio la acción instada, a solicitud de parte interesada, el tribunal puede conceder la oportunidad de traer al pleito a la parte originalmente omitida, siempre y cuando pueda el tribunal asumir jurisdicción sobre ella. *Cirino González v. Adm. Corrección*, 190 DPR 14, 46 (2014). Es decir, mientras está presente la posibilidad de traer a esa parte al pleito, no procederá la desestimación, sino que se concederá la oportunidad de incluir a dicha parte en el proceso. *Íd.* pág. 47. Lo anterior persigue el valor jurídico que

busca resguardar la protección de las personas ausentes de un pleito, y los posibles efectos perjudiciales que le pueda ocasionar un decreto judicial, además de evitar la multiplicidad de litigios mediante un remedio efectivo y completo". *López García v. López García, supra,* pág. 18; *Menéndez González v. UPR,* 198 DPR 140 (2017); *Mun. de San Juan vs. Bosque Real, Inc.*, 158 DPR 743, 756 (2003).

### III. Aplicación del Derecho a los hechos

a.

Según adelantamos, la Regla 52.1 de Procedimiento Civil, *supra,* nos habilita para revisar una *Orden* dictada por el TPI al amparo de la Regla 56 de Procedimiento Civil, *supra,* que refiere a la concesión o denegatoria de remedios provisionales. Precisamente, Emerald Holdings y Aguada Emerald nos solicitan que revoquemos la *Resolución y Orden sobre aseguramiento de sentencia* emitida por el foro recurrido en la que este concedió los remedios provisionales solicitados por la recurrida. Por tanto, si decidiéramos ejercer nuestra jurisdicción para expedir el recurso de *certiorari* solicitado, estaríamos habilitados para así actuar, de entenderlo meritorio.

b.

Conforme lo revela el contenido de los tres señalamientos de errores alzados por Emerald Holdings, y el error señalado por Aguada Emerald, todos aluden a un mismo asunto, que presuntamente la vista sobre remedios provisionales celebrada, y dio lugar a la concesión de los remedios solicitados, aconteció sin la presencia de unas partes que resultaban indispensables. En específico, se aduce que tanto EFA, LLC., como Health Herb Medical, LLC., eran partes indispensables en dicha vista, porque los remedios otorgados por el TPI en aseguramiento de sentencia afectaron sus intereses. Por lo mismo, estas aseveran que la

ausencia de las referidas partes indispensable tuvo el efecto de tornar la *Resolución* recurrida en nula, por haberse incumplido con el debido proceso de ley de las partes excluidas de la vista sobre remedios provisionales.

No obstante, evaluada la *Resolución* recurrida, resulta evidente que los remedios provisionales concedidos por el TPI fueron dirigidos exclusivamente en contra de Aguada Emerald y Emerald Holdings. En específico, el TPI ordenó a **Aguada Emerald** consignar el dinero proveniente de la venta del inventario de cannabis medicinal que les pertenecía y que fue vendido a EFA, LCC., mientras que **a Emerald Holdings** le prohibió enajenar, gravar o ceder los bienes de Health Herb Medical, LLC. Valga aclarar que, según se desprende del propio dictamen recurrido, el remedio fue dirigido contra Emeral Holdings como la accionista mayoritaria de Health Herb Medical, LCC. Es decir, la *Resolución* recurrida no afecta a los intereses de EFA, LLC, ni de a Health Herb Medical, LLC, las presuntas partes que se aduce son indispensables para dirimir la petición de remedios provisionales.

En definitiva, los remedios provisionales dictados por el foro recurrido bien podían adjudicarse sin la presencia de las partes que tanto Emerald Holdings como Aguada Emerald promueven como indispensables. Dicho de otro modo, los remedios provisionales fueron solamente dirigidos con Aguada Emerald y a Emerald Holdings, quienes estaban debidamente emplazados y citados a la vista cuya anulación se nos solicita.

Por lo explicado, es evidente que no observamos la pasión, el prejuicio, la parcialidad o el error manifiesto en la *Resolución* recurrida que justificaría nuestra intervención con la determinación del TPI recurrida. Siendo esto así, decidimos denegar la expedición de ambos

recursos de *certiorari*, de manera que se pueda continuar el pleito en el foro recurrido sin mayor dilación.

**IV. Parte dispositiva**

Por las razones expuestas, se *deniega* la expedición de ambos recursos de *certiorari,* KLCE202400192 y KLCE202400524. A tenor, procede la devolución inmediata del asunto al foro recurrido, para que se continúen allí los procedimientos.

Lo acordó el Tribunal y lo certifica su Secretaria.

La Juez Lebrón Nieves concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones